UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT TARPLEY,

    Petitioner,

v.

SCOTT FISHER, Warden,

    Respondent.

CIVIL NO. 13-713 (DWF/JSM)

**REPORT AND RECOMMENDATION**

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Petitioner Robert Tarpley's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Docket No. 1] ("Petition").  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.  FACTUAL BACKGROUND

Petitioner Robert Tarpley ("Petitioner") is an inmate at the Federal Correctional Institution in Sandstone, Minnesota.  Declaration of Angela Buege ("Buege Decl."), ¶ 3 [Docket No. 16].  Petitioner is currently serving a 180-month term of imprisonment, followed by 3 years of supervised release, for Conspiracy to Distribute and Possession with Intent to Distribute an Unspecified Quantity of Heroin and Cocaine, in violation of 21 U.S.C. §§ 846(a)(1) and 841(b)(1)(C).  Buege Decl., Attach. A (Public Information Data), p. 3.

Petitioner asserts that the Federal Bureau of Prisons ("BOP") failed to give him credit toward his current term of imprisonment for time he spent in state custody prior to

commencement of his federal sentence, in violation of 18 U.S.C. § 3585(b). Petitioner's Memorandum of Law in Support of Habeas Corpus Petition ("Pet.'s Mem.), p. 4 [Docket. No 2]; Petition, p. 3 ("Petitioner seeks credit for time served in State custody for the identical same Federal charges pursuant to 18 USCS 3585(b) and/or 5G1.3(b) or 5K2.23.") [Docket No. 1].

The facts bearing on the computation of Petitioner's presentence credit are as follows.

On November 5, 2000, Petitioner was arrested by Michigan police for home invasion, assault with a dangerous weapon, and possession of narcotics. Declaration of Diana Judge ("Judge Decl."), ¶ 5 [Docket No. 18]. Petitioner was sentenced in Michigan state court for these offenses on November 22, 2000. Id. Two years later, Petitioner was granted a parole term in accordance with criteria set by the Michigan Parole Board. Judge Decl., ¶¶ 3, 5. The parole term was set to run from October 2, 2002 until October 4, 2004. Id., ¶ 5. Petitioner was then released into the community under supervision. Id.

On September 25, 2003, while Petitioner was still on parole, he was arrested by Lansing, Michigan police and charged with Possession with Intent to Deliver Less Than 50 Grams of Cocaine, Felony Firearms, and Possession of a Firearm by a Felon. Declaration of Bryan Erickson ("Erickson Decl."), ¶ 3 [Docket No. 17]. Petitioner was held at the Ingham County Jail pending disposition of the charges. Judge Decl., ¶ 6. The Michigan Department of Corrections ("MDOC") subsequently issued a warrant to revoke Petitioner's parole. Erickson Decl., Attach. A (Michigan Department of Corrections Parole Documents) ("Attach. A").

On February 25, 2004, a federal grand jury for the Western District of Michigan indicted Petitioner in a 17-count indictment. Erickson Decl., ¶ 4. After learning of Petitioner's federal charges, on May 12, 2004, the Circuit Court of the State of Michigan entered a nolle prosequi[1] on Petitioner's new state charges in favor of federal prosecution. See Erickson Decl., Attach. B (Docket Sheets); Judge Decl., ¶ 6. On May 13, 2004, the MDOC released Petitioner into the custody of the United States Marshals Service. See Erickson Decl., Attach. C (United States Marshals Service Form 129). No federal writ of habeas corpus ad prosequendum was issued in this case. Erickson Decl., ¶ 5. However, MDOC did place a detainer on Petitioner for violation of his parole. Id.

Petitioner was discharged from his original state sentence for home invasion, assault, and narcotics possession on December 21, 2004. Erickson Decl., Attach. E (Michigan Department of Corrections Sentence Computation). As part of the discharge proceedings, the MDOC granted Petitioner credit toward that sentence for time spent in state custody from November 5, 2000 to December 21, 2004. Judge Decl., ¶ 7. According to the MDOC Records Administrator, Petitioner continued to earn credit toward his state sentence even while he was released on parole supervision. See Judge Decl., ¶¶ 4, 8.

On May 23, 2006, Petitioner was sentenced in the United States District Court for the Western District of Michigan for Conspiracy to Distribute and Possession with Intent to Distribute an Unspecified Quantity of Heroin and Cocaine. Erickson Decl., Attach. F (Judgment in a Criminal Case). He was sentenced to 180 months of imprisonment and

---

[1] A nolle prosequi is "[a] docket entry showing that the plaintiff or the prosecution has abandoned the action." BLACK'S LAW DICTIONARY 1070 (7th ed. 1999).

3 years of supervised release. Id. The BOP prepared a sentence computation, based on a sentence commencement date of May 23, 2006. Id., Attach I (Sentence Monitoring Computation Data Sheet). Petitioner was awarded credit toward his federal sentence for 740 days of prior custody—from May 23, 2004, the day Petitioner came into federal custody, to May 22, 2006, the day before his federal sentence was imposed. Id., ¶ 9, Attach. D (Memorandum from Amy Wells); Buege Decl., Attach. A (Public Information Data). Based on the BOP's sentence computation, Petitioner's projected release date is June 7, 2017.

In his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Petitioner contends that he should have received credit toward his current federal sentence for the 229 days he spent in the custody of the MDOC, from September 25, 2003 through May 12, 2004. Respondent Scott Fisher ("Respondent") opposes the Petition, asserting that the MDOC has already credited that time against Petitioner's state sentence, and that 18 U.S.C. § 3585(b) prohibits dual crediting. Government's Response to Petition for Writ of Habeas Corpus ("Gov't Resp."), p. 1 [Docket No. 15].

## II. ANALYSIS

### A. BOP's Calculation of Petitioner's Presentence Credit

Under 18 U.S.C. § 3585,[2] a defendant may receive credit for time he has served in custody prior to the commencement of a sentence, arising out of the offense for the

---

[2] Section 3585 of Title 18 to the United States Code provides as follows:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

4

sentence imposed, so long as that time "has not been credited against another sentence." 18 U.S.C. 3585(b). Based on the plain language of the statute, "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see also, United States v. Kiefer, 20 F.3d 874, 875 n.1 (8th Cir. 1994) ("Because the time [the petitioner] served in state prison was credited against his Minnesota sentence, he does not appear to be entitled to a sentence credit under § 3585(b), which only allows credit for time 'that has not been credited against another sentence'") (quoting United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991)); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 511 U.S. 1059 (1994) (citation omitted); McIntyre v. United States, 508 F.2d 403, 404 (8th Cir. 1975), cert. denied, 422 U.S. 1010 (1975).

Here, Petitioner concedes that he received full credit toward his state sentence for the entire 229 days from September 25, 2003 through May 12, 2004. Petitioner's Amended Reply ("Pet.'s Am. Reply"), p. 5; see also Erickson Decl., ¶ 6; Judge Decl.,

---

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

¶ 7. Further, he takes no issue with § 3585(b)'s clear proscription on double credit. Instead, Petitioner contends that "[t]he issue is not whether the State credited him with the period of time that he was in state custody but rather whether the State credited him with that time because he was in state custody." Pet.'s Am. Reply, p. 2. According to Petitioner, the time he spent in state custody "can be credited toward another sentence and thereby not credited toward the federal sentence only if that time in custody is by reason of the offense for which that other sentence is credited." Id., p. 4. Petitioner cites no authority for this proposition. Essentially, Petitioner is contending that the rule against double credit should not apply when the state awards credit toward a sentence that is unrelated to the reason for the state custody. That argument fails. Any challenge to "the BOP's denial of federal credit for time that the state [] already credited . . . [is] inconsistent with the express bar on double credit found in 18 U.S.C. § 3585(b)." Elwell v. Fisher, 716 F.3d 477, 484 (8th Cir. 2013) (citation omitted). The bar on double credit is unequivocal and "is not a source of discretion for the BOP." Id. Here, it is undisputed that the MDOC credited Petitioner's state sentence with the entire 229 days at issue.

Notwithstanding the fact that Petitioner received full credit against his state sentence for the 229 days he spent in custody on the state charge, Petitioner repeatedly urged that because his parole was never formally revoked, the BOP should have applied the 229 days towards his federal sentence. According to Petitioner, the BOP's purported reason for denying him the additional 229 days of credit was because the MDOC had already credited that time toward a state parole violation. Pet.'s Am. Reply, p. 1. However, as Petitioner states, since his parole was never actually revoked, the

MDOC could not have credited the 229 days he spent in state custody toward a parole violation offense.[3]  See Pet.'s Am. Reply, p. 3.

While this Court appreciates the thoroughness of Petitioner's evidence, his argument is beside the point.  Regardless of whether the MDOC actually revoked Petitioner's parole (or should have revoked his parole), the decisive point is that Petitioner continuously earned credit toward his state sentence from the date of his arrest on November 5, 2000, to the expiration of his sentence on December 21, 2004.  Judge Decl., ¶ 7.  To award him the additional 229 days of credit he seeks would violate the clear restriction on double crediting.

Lastly, to the extent that Petitioner is arguing that his federal sentence commenced on September 25, 2003, the day he was taken into custody by Lansing police, this Court finds otherwise.  In general, a federal sentence begins when the defendant is "received for transportation to or arrives at 'the official detention facility at which the sentence is to be served.'"  Reno v. Koray, 515 U.S. 50, 58 (1995) (quoting 18 U.S.C. § 3585(a)); see also United States v. Hayes, 535 F.3d 907, 909-10 (8th Cir. 2008) ("[A] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").  Stated otherwise, a federal sentence cannot be deemed to have commenced earlier than its date of imposition.  Mathison v. Morrison, Civil No. 06-3496 (JMR/AJB),

---

[3] In support of his argument, Petitioner cited MDOC's written policy directives as evidence that the MDOC failed to follow the correct procedure for revoking an offender's parole.  See Pet.'s Mem., p. 4 (citing Petitioner's Ex. B [Docket No. 2]).  Petitioner also attached a copy of his unsuccessful Freedom of Information Act request for records of any parole violation proceedings pertaining to him.  See Pet.'s Ex. 4.

2007 WL 3224671, at *4-5 (D. Minn. Nov. 01, 2007) (discussing federal cases finding that a federal sentence cannot commence prior to date it was pronounced); see also Sisemore v. Outlaw, No. 09-3468, 2010 WL 364351, at *1 (8th Cir. Feb. 3, 2010) (per curiam) (citing Coloma v. Holder, 445 F.3d 1282, 1283-84 (11th Cir. 2006) (per curiam)); Stevenson v. Terrell, Civil No. 08-6058 (JRT/JJK), 2009 WL 1035161, at *3 (D. Minn. April 16, 2009) ("A federal sentence cannot commence prior to the date it is pronounced."). Here, Petitioner's federal sentence was imposed on May 23, 2006. Thus, the BOP properly calculated his sentence to run from that date.

For all of these reasons, Petitioner's arguments that he should have received additional credit towards his federal sentence for the time he spent in state custody are rejected, and his Petition should be denied.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that Petitioner Robert Tarpley's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Docket No. 1] be **DENIED** and this matter be DISMISSED WITH PREJUDICE.


Dated:     August 29, 2014

*Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


## NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 16, 2014**, a writing which specifically identifies those portions of this Report to which objections are

made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.