UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Tarpley,                                             Civil No. 13-713 (DWF/JSM)

               Petitioner,

v.                                                          **ORDER ADOPTING REPORT
                                                             AND RECOMMENDATION**

Scott Fisher,

               Respondent.

This matter is before the Court upon Petitioner Robert Tarpley's ("Petitioner") objections (Doc. No. 24) to Magistrate Judge Janie S. Mayeron's August 29, 2014 Report and Recommendation (Doc. No. 23) insofar as it recommends that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) be denied and this matter be dismissed with prejudice. Respondent filed a response to Petitioner's objections on September 26, 2014. (Doc. No. 26.) Petitioner then filed a Petition for Amended and Supplemental Pleadings on October 10, 2014. (Doc. No. 27.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of the parties, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Petitioner's objections. The Court has carefully reviewed the record and concludes that Petitioner's objections offer no basis for departure from the Report and Recommendation.

On November 5, 2000, Petitioner was arrested and charged with a state law crime in a Michigan state court. (Doc. No. 18 ("Judge Decl.") ¶ 5.) Petitioner was granted a parole term to begin on October 2, 2002 and end on October 4, 2004. (*Id.*) However, on September 25, 2003, Petitioner, while still on parole, was arrested and held in state custody for a crime that ultimately resulted in his federal imprisonment. (Doc. No. 17 ("Erickson Decl.") ¶¶ 2-3.) On May 12, 2004, while still in state custody, the Circuit Court of the State of Michigan entered a *nolle prosequi* for Petitioner's state charges in favor of federal prosecution and released him into the custody of the United States Marshals Service. (*Id.* ¶¶ 4-5, Attachs. B, C.) On December 21, 2004, Petitioner was discharged of his original state sentence and granted credit towards that sentence for his time spent in custody between November 5, 2000 and December 21, 2004.[1] (Judge Decl. ¶¶ 7-8.) On May 23, 2006, Petitioner was sentenced in United States District Court for the Western District of Michigan to 180-months of imprisonment and 3 years of supervised release. (Erickson Decl. ¶ 7, Attach. F.) Petitioner was granted credit towards his federal sentence for time served while in federal custody from May 13, 2004 to May 22, 2006. (*Id.* ¶ 9.)

On March 28, 2013, Petitioner filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. On August 29, 2014, Magistrate Judge Janie S. Mayeron filed a Report and Recommendation (Doc. No. 23) regarding Petitioner's § 2241 Petition. The Magistrate Judge, relying on the plain language of 18 U.S.C. § 3585(b), ruled

---

[1]  Petitioner received credit for his time spent while on parole, in state custody, and in federal custody.

that § 3585(b) bars double crediting.  The Magistrate Judge found that because Petitioner already received credit for the time spent in state custody between September 25, 2003 and May 12, 2004, he should not receive dual credit for the same time for his federal sentence.  The Magistrate Judge concluded that Petitioner's § 2241 Petition should be dismissed with prejudice.

Petitioner objects to the Magistrate Judge's Report and Recommendation and contends that the Magistrate Judge improperly recommended dismissal with prejudice of his Habeas Petition under § 2241.  (*See* Doc. No. 23.)  Petitioner seeks a 229-day reduction to his 180-month federal prison sentence for time served while in state custody awaiting his federal sentence.  (*Id.* at 3.)  Petitioner asserts that the Federal Bureau of Prisons ("BOP") failed to credit his time served between September 25, 2003 and May 12, 2004.  (*Id.*)  Specifically, Petitioner claims that his parole was never revoked and asserts that his time spent in state custody was incorrectly credited.  (*Id.* at 2.)  Petitioner also objects to the proposition that § 3585(b) bars double crediting because he alleges that he received credit for time spent in federal custody between May 13, 2004 through December 21, 2004, for his state and federal sentences.  (*Id.* at 2-3.)

Respondent contends that Petitioner earned credit towards his state sentence while in custody for his state crimes between November 5, 2000 and December 21, 2004, and that awarding him credit towards his federal sentence for this time served would be a clear violation of the dual crediting prohibition found in § 3585(b). (Doc. No. 26 at 1-2.) Respondent also argues that Petitioner's parole revocation is not a deciding factor in the

case. (*Id.* at 2.) Respondent asserts that Petitioner's argument that he has already received dual credit for his time spent between May 13, 2004 and December 21, 2004, is inaccurate. Respondent argues that this credited time while under the primary jurisdiction of the United States was a presentence credit toward his federal sentence because he was in "federal detention related to a federal offense, and a state crediting that time to a state sentence does not affect the federal computation." (Doc. No. 26 at 3.)

As Magistrate Judge Mayeron concluded, "Congress made clear that a defendant could not receive a double credit for his detention time" under the plain language of 18 U.S.C. § 3585(b). (Doc. No. 23 at 5 (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992).) The 229 days Petitioner served in state custody were already credited towards his state sentence by the Michigan Department of Corrections and the Court concludes that this time cannot be double-credited towards his federal sentence.

The Court also reviewed Petitioner's additional filings attacking the validity of his initial sentence under U.S.S.G. §§ 5G1.3(b) and 5K2.23. Taking into consideration the additional information contained within Plaintiff's Petition for Amended and Supplemental Pleadings (Doc. No. 27), Plaintiff would still not prevail. If Petitioner was seeking to challenge the validity of his sentence, then he should have filed a § 2255 petition where he was convicted after a direct appeal,[2] whereas a § 2241 petition challenges the execution of the sentence. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).

---

[2] According to the Petitioner, he previously filed a § 2255 Motion to Vacate or Set Aside the Sentence which was denied on November 9, 2010. (Doc. No. 1 at 3.)

The Court thus concludes, as did Magistrate Judge Mayeron, that Petitioner's 28 U.S.C. § 2241 Petition fails. Consequently, the Court dismisses the matter.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner Robert Tarpley's objections (Doc. No. [24]) to Magistrate Judge Janie S. Mayeron's August 29, 2014 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Janie S. Mayeron's August 29, 2014 Report and Recommendation (Doc. No. [23]) is **ADOPTED**.

3. Petitioner Robert Tarpley's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. No. [1]) is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

4. Petitioner Robert Tarpley's Petition for Amended and Supplemental Pleadings (Doc. No. [27]) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 31, 2014        s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge